**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANAMARIE NELSON, )<br>      Plaintiff, )<br>  v. )<br>          )<br>CITICORP CREDIT )<br>SERVICES, INC. (USA), )<br>HBSC CARD SERVICES, INC. and, )<br>EQUIFAX INFORMATION )<br>SERVICES, INC., )<br>      Defendants. ) | FILED: NOVEMBER 14, 2008<br>08CV6561<br>JUDGE COAR<br>MAGISTRATE JUDGE NOLAN<br>AO<br>Jury Demanded |

**COMPLAINT**

Anamarie Nelson ("Plaintiff") files this complaint to secure redress for defendants Citicorp Credit Services, Inc. (USA) ("Citibank") and HSBC Card Services, Inc. ("HSBC") and Equifax Information Services, Inc.'s ("Equifax") violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. for improperly reporting debts that plaintiff had satisfied as showing a balance and inadequately reinvestigating plaintiff's disputes thereof.

**PARTIES**

1. Plaintiff is an individual who resides in this district.

2. Defendant Citicorp Credit Services, Inc. (USA) is a Delaware corporation with a registered agent at CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois.

3. Defendant HSBC Card Services, Inc. is an Illinois corporation with a registered agent at CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois.

1

4. Defendant Equifax Information Services, Inc. is a Georgia corporation. Its registered agent in Illinois is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois.

## JURISDICTION

5. This Court has federal question jurisdiction to hear this case under the Fair Credit Reporting Act, 15 U.S.C. § 1681p.

6. Venue is proper because a substantial part of the events or omissions giving rise to the claims occurred here.

## FACTS

7. In or around summer 2007, plaintiff employed an attorney to assist her in settling certain debts, including one credit card debt owed to Citibank, and one credit card debt owed to HSBC. These two accounts are the subject of this complaint.

### Citibank Settlement

8. On or about December 17, 2007, Citibank sent plaintiff a letter offering to settle the $8181.51 Citibank debt for $4,909.00. Exhibit A.

9. Plaintiff accepted this offer on December 20, 2007, and sent Citibank a cashier's check for $4,909.00. The letter that accompanied the check and a copy of the check are attached as Exhibit B.

10. Upon information and belief, based upon the certified mail "green card" return receipt received by plaintiff, Citibank received the letter along with the check on or about December 22, 2007.

11. Upon information and belief, Citibank cashed the check.

12.     The Citibank account was settled, paid in full and closed with a zero balance.

### HSBC Settlement

13.     HSBC retained a debt collection law firm, Blatt, Hasenmiller, Leibsker & Moore, LLC ("BHLM") to assist it in settling and collecting plaintiff's HSBC debt.

14.     On January 16, 2008, plaintiff's attorney received an email from an authorized representative at BHLM named Keith Werwas, stating, "I have been authorized to accept $1500 to settle this account. I will need the payment in certified funds no later than 1-28-08." A copy of that email is attached as <u>Exhibit C</u>.

15.     Plaintiff mailed a certified check for $1,500 to BHLM that same day, January 16, 2008. A copy of the letter that accompanied the check, along with the certified mail "green card' return receipt are attached as <u>Exhibit D</u>.

16.     Upon information and belief, based upon the certified mail "green card" return receipt received by plaintiff, BHLM received the letter along with the check on or about January 22, 2007.

17.     Upon information and belief, either BHLM or HSBC cashed the check.

18.     Upon receipt of the check, the HSBC account was settled, paid in full and closed with a zero balance after BHLM received the check.

### Credit Disputes

19.     It became apparent to plaintiff in about April 2007 that Citibank was reporting that she still owed an $8181.50 balance and that HSBC was still reporting that plaintiff had a balance on the contested accounts.

3

20. On April 23, 2008, plaintiff sent a letter to Equifax and TransUnion, requesting that all of her unsecured debt be listed as settled and closed. Part of this voluminous communication is attached as <u>Exhibit E</u>.[1] The letter specified the Citibank and HSBC accounts as accounts that should be listed as settled and closed.

21. Upon Information and belief, based upon credit bureaus' duty under the FCRA to reinvestigate disputed tradelines, Equifax and TransUnion communicated with Citibank to determine whether plaintiff's dispute was valid.

22. Upon Information and belief, based upon credit bureaus' duty under the FCRA to reinvestigate disputed tradelines, Equifax and TransUnion also communicated with HSBC to determine whether plaintiff's dispute was valid.

23. Upon information and belief, Citibank reported to TransUnion that the balance on the credit card account was $8,181.

24. Upon information and belief, Citibank reported to Equifax that the balance on the credit card account was $8,181.

25. The statement that there was a balance of $8181 on plaintiff's Citibank credit card was false. The debt had been settled by agreement of the parties.

26. Upon information and belief, HSBC reported to TransUnion that the balance on the credit card account was $2,451.

27. Upon information and belief, HSBC reported to Equifax that the balance on the credit card account was $2,451.

---

[1] The letter that was sent to the credit bureaus was voluminous, and is partially reprinted in Exhibit E.

4

28. The statement that there was a balance of $2,451 on plaintiff's HSBC credit card was false because the debt had been settled by agreement of the parties.

29. Alternatively, it appears possible that Equifax did not conduct an adequate reinvestigation of the Citibank and HSBC tradelines.

30. Plaintiff has suffered actual damages as a result of defendants' failure to properly reinvestigate, follow their procedures and/or accurately report to the credit bureaus.

**COUNT I – Section 1681s-2(b) - Citibank**

31. Plaintiff incorporates all previous paragraphs. This Count is against Citibank.

32. Defendant HSBC is a "furnisher" of information to credit bureaus.

33. The FCRA, 15U.S.C. §1681s-2(b) requires furnishers of information to credit bureaus to investigate disputes made to credit bureaus of information on credit reports.

34. Section 1681s-2(b) also requires that furnishers send accurate information to credit bureaus in response to those disputes for publication in credit reports.

35. A furnisher's failure to modify, delete or permanently block reporting of inaccurate information is a violation of the FCRA, for which damages are available under 15 U.S.C. §§1681n and 1681o.

36. Defendant Citibank willfully and/or negligently failed to accurately report plaintiff's credit card account after having conducted an investigation pursuant to section 1681s-2(b).

37. Plaintiff was damaged by defendant's conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Citibank for:

    a. Actual, statutory and punitive damages;

    b. Attorney's fees and costs of suit; and

    c. Any other relief the Court deems appropriate.

**COUNT II – Section 1681s-2(b) – HSBC**

38. Plaintiff incorporates paragraphs 1-30. This Count is against HSBC.

39. Defendant HSBC is a "furnisher" of information to credit bureaus.

40. The FCRA, 15U.S.C. §1681s-2(b) requires furnishers of information to credit bureaus to investigate disputes made to credit bureaus of information on credit reports.

41. Section 1681s-2(b) also requires that furnishers send accurate information to credit bureaus in response to those disputes for publication in credit reports.

42. A furnisher's failure to modify, delete or permanently block reporting of inaccurate information is a violation of the FCRA, for which damages are available under 15 U.S.C. §§1681n and 1681o.

6

43. Defendant HSBC willfully and/or negligently failed to accurately report plaintiff's credit card account after having conducted an investigation pursuant to section 1681s-2(b).

44. Plaintiff was damaged by defendant's conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Citibank for:

    a. Actual, statutory and punitive damages;

    b. Attorney's fees and costs of suit; and

    c. Any other relief the Court deems appropriate.

**COUNT III – 1681i – Equifax**

45. Plaintiff incorporates all previous paragraphs. This Count is against Equifax. It is brought in the alternative.

46. Credit bureaus are required to "reinvestigate" credit report tradelines that consumers dispute, pursuant to 15 U.S.C. §1681i.

47. Upon information and belief, based upon the representations in <u>Exhibit F</u>, Equifax failed to investigate the Citibank and HSBC accounts, even though plaintiff disputed them in <u>Exhibit E</u>.

48. Defendant HSBC willfully and/or negligently failed to reinvestigate these disputed tradelines. 15 U.S.C. §§1681n and 1681o.

49. Plaintiff was damaged by defendant's actions and inactions.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Equifax for:

a. Actual, statutory and punitive damages;

b. Attorney's fees and costs of suit; and

c. Any other relief the Court deems appropriate.

### COUNT IV – 1681e(b) – Equifax

50. Plaintiff incorporates all previous paragraphs. This Count is against Equifax and is also brought in the alternative.

51. Credit bureaus are required to follow reasonable procedures designed to assure maximum possible accuracy of consumers' credit reports.

52. Upon information and belief, based upon statements in <u>Exhibit F</u>, defendant Equifax's reinvestigation pursuant to plaintiffs dispute letter <u>Exhibit E</u> was not reasonable, because Equfiax did not reinvestigate all of the items plaintiff disputed, including the HSBC and/or Citibank account.

53. Either Equifax's procedures for conducting reinvestigations are not reasonable, or it did not follow the procedures it has with respect to plaintiff's disputes. Either way, Equifax violated 15 U.S.C. §1681e(b) with respect to plaintiff.

54. Defendant's violation of section 1681e(b) was either willful, or negligent. 15 U.S.C. §§1681n and 1681o.

55. Plaintiff was damaged by the violation.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Equifax for:

a. Actual, statutory and punitive damages;

b. Attorney's fees and costs of suit; and

    c.    Any other relief the Court deems appropriate.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 732
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands a trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 732
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com